The Honorable the judges of the United States Court of Appeals for the Fourth Circuit. All right please be seated we will proceed to the final case of the day United States v. Gallagher and we will hear from the first of the appellants. Good morning your honors and may it please the court my name is Contrary to popular belief hindsight is not 20-20. Ms. Gallagher and Mr. Kalugin divorced in 2019 long after the actions underlying their convictions. Misguided by hindsight the government wrongly assumed that if the marriage was broken when Ms. Gallagher filed for divorce in 2018 it must also have been broken when Mr. Kalugin applied for naturalization two years earlier in 2016. The government then wrongly concluded that the couple conspired and lied to the world is not so black and white. A married couple can fight and still be married. They can reside in different cities temporarily but still intend to live together in the future. And as the district court found they never lied about their marital status. It's undisputed that they were legally validly married throughout the naturalization process. Yet the government repeatedly persistently contended that they were separated and lying about their marital status to gain his citizenship. Okay but isn't the client does not agree with this but isn't the evidence clearly sufficient to say that when it was stated where is he living that was a lie? Your honor we are challenging. Sufficiency. The evidence is clearly sufficient for a jury to find that when they said he's living in Arlington Virginia that was a lie, right? We've contended that that statement was not material to naturalization. I'm asking about falsity not materiality. I believe the evidence was sufficient that he was not living in Virginia but we are challenging the sufficiency of the evidence. Which is an issue that my colleague is going to address. And the evidence is also sufficient it seems pretty clear to me I mean and to the extent there's an argument against this it's the co-defendant not really Ms. Gallagher. The evidence as to Ms. Gallagher strikes me as clearly sufficient that not only was that statement a lie but it was made pursuant to an agreement between the two of them to lie, right? No I don't believe there is sufficient evidence of the agreement. Your client saying he and I have agreed to do this thing until he gets immigration status that's not sufficient evidence to show an agreement between your client and him? I think first we have to address the the issue on count two where marital status was no longer valid. I'm trying to get to I'm trying to get to trust me I want to get to count two too but I'm just trying to like narrow what we're actually disputing, right? I think Mr. Kalugin is challenging the sufficiency of the agreement. I'm asking about your client. I don't believe we have raised that issue. And is it what can I also just the last question I have is about count three which are you challenging the evidence is insufficient on count three? No we're not challenging that the evidence is insufficient on count three. I think there is a she should be awarded a new trial. I don't know I understand your arguments that right but yes but if it was just count three we would not have an evidentiary sufficiency challenge to count three. I believe that's correct. Okay. So first I want to address two of the legal issues today that we address in our briefs given the time constraints. So the first is the legal the jury instruction error on count two and then the second is the spillover evidence. So the conviction on count two must be reversed because the trial judge erroneously instructed the jury on a legally invalid basis for conviction. There were four alleged false statements in count two. Three of them related to checking the box. I've read the briefs and I think I know where you're going there so I'm not trying to be rude and cut you off but how do you I think the government's position is it shouldn't have gone yeah maybe it shouldn't have gone to the jury but it's a the the error wasn't wrong in the content of the of the instruction. What we really have here is that based on the evidence there was no you know criminal violation that signing marriage that saying they were married made was false. So how are we dealing with not dealing with an instruction that was legally correct if you were to just read it. No one would read that and say hey you got the law wrong. It's an evidentiary issue and I think if it is legally correct but an evidentiary issue then you have some problems. So it's not an evidentiary issue your honor. So the instruction told the jury it could convict the defendants based on if they unanimously agreed that any one of those four statements was false and as the district court found three of those were could not be false because they were legally married throughout. Well so this is it's not at all clear to me the district court found three of them. The district court definitely found one of them. I'm not at all clear that the district court found three and four could not be. Well we've briefed that issue but respectfully your honor that doesn't change the analysis. Okay so the reason it's a legal invalidity issue and not a legal invalidity issue is because there are two reasons. So first this case is factually distinguishable from Griffin which is the factual insufficiency case. So in Griffin the defendant was charged with one count of conspiracy with two objects and it was conceded by everyone that there was no evidence as to the second object relating to the DEA. So but in Griffin the difference is had there been evidence of that object the conduct that was alleged would have constituted the crime charged of conspiracy. In this case the conduct that was alleged checking the box married. Everyone agrees that happened but the difference is that conduct cannot constitute a crime under Braunston because it was literally true. And the government hasn't appealed so we just sort of have to take as a given that that's true. That's correct your honor the government has not contested that. And so that was not a harmless error because under Yates there it's impossible to tell upon which ground the jury rested its verdict because we have a general verdict form. The government's evidence was the vast majority of it was directed to the legally invalid count of the marital status and the substantive verdict on count three does not tell us anything about the substantive basis for the verdict on count two. Turning to prejudicial spillover quickly in my remaining time. Without the marital status theory that's invalid under count two these defendants would have received an entirely different trial. The alleged separation wouldn't have been an issue because it was not a valid basis upon which to find the unlawfully procured naturalization. So there's only two alleged false statements that remain in scope. The residency statement and Kalugin's statement that he intended to live with his wife in the future. And if you imagine a hypothetical trial limited to those two statements and the conspiracy is correspondingly constricted they can only be supported by those false statements and not statements about marital status. Much of the evidence that we've identified a longer relevant and should not have come in. The government's theory on all accounts was that these false statements were false and material because they're inconsistent with the actions of people whose marriage is over. And if you take out... So to me the best argument for the why the vast majority of it would have come in is on count one. Like I mean the scope of relevant evidence in a conspiracy. I mean this is why prosecutors love to charge people with I think your best response to that a significant amount if not the vast majority of this evidence would have been invisible on count one even if the district court hadn't made the mistake of count two. I'm out of time. May I respond? It is a question also your co-counsel can answer. The reason it's not relevant to count one is that we have to picture this as a trial where the scope of count one is constricted because the marital status evidence is no longer something that can be used to support unlawful procurement of naturalization. So a conspiracy that doesn't charge false statements about marital status is a much narrower conspiracy. And so... Why is that the conspiracy? Why isn't the conspiracy conspiracy to fraudulently obtain immigration benefits for a person who's not eligible to obtain immigration status? Why is that the conspiracy? Well for one thing there is no need for conspiracy if their marital status is not an issue because they are married and he is eligible for naturalization unless he was being false about his intent, his future intent to live with his wife. I mean I think I understand the argument but I wonder if it's that clean-up break. I mean you're seeking immigration benefits based on a marital relationship and in the course of it you're making allegedly false statements about residency that relates if not determines marital status. So it seems to me we have, for you to be right, we have to assume that the any sort of evidence that might relate even if it doesn't determine marital status. Well your honor I think that's what the district court would have had to do. With respect to the residency in particular, giving a false address in and of itself is not disqualifying. If someone had given a false address because they were embarrassed about it or they were just mistaken. And so the only way that the government can argue that spillover evidence is relevant to address being false is if he was giving a false address to conceal something about his marital status and the district court has already found that he wasn't. He literally, he truthfully said that he was married. He also wrote on the same form that he was working in California and they were not concealing that fact at all. So I think we may have a little bit of a different response. I mean just because, well first of all the question is wouldn't the other, I guess which question specifically would you like me to address first your honor? The question. In a world, in a world where we assume for the sake of argument that the district court had cleaned up this marital status thing from the beginning, why does it, and then so this is in regard to prejudicial spillover, why doesn't a huge portion if not all of this evidence come in anyway on count one because the conspiracy charge in count one is to fraudulently obtain immigration benefits and virtually all of this evidence has at least some little bit of value to that. Well your honor, I think from Mr. Kalugin the issue is the evidence of agreement just isn't there. The evidence of agreement to lie just isn't there in the government's case and if you change the entire focus of the case and you remove this emphasis on whether the couple was married or separated, then Ms. Gallagher may well not have put on her defense and then Mr. Kalugin would not have been forced to contend with her. You have that argument. Can I start on your sufficiency claim? This is the one that's unique to you. Look, I think you have a really good argument that some of the evidence that was admitted was admissible against her but not admissible against him. Like every single word that comes out of her mouth is admissible against her because it's a statement by a party opponent for her, but I think you have a decent argument that it, but you didn't object to any of it and doesn't United States versus Simpson just flat-out say when reviewing a sufficiency challenge we consider evidence even if it was improperly admitted. So all of your arguments that a lot of this evidence shouldn't have been admitted against him I think, with respect, is just something we can't consider in reviewing a sufficiency challenge. No, Your Honor, I believe that you would not be able to, I will acknowledge, you would not be able to acquit Mr. Kalugin on the basis of a restricted body of evidence. You would not be able to. Pretend the jury heard less evidence than it did in deciding whether the jury had enough evidence to reach the result that it did, right? I believe you can, you can say. In the government's case, I know you have a separate argument about evidence that he, that she presented during her case, but, but we have to consider everything that was presented in the government's case in chief for sufficiency purposes. Whether it should have been admitted or not, right? You would need to consider everything and only order an acquittal if everything, even it wrongly admitted evidence, was insufficient. Because your remedy for an evidentiary error is rejecting to that evidentiary error or maybe getting a new trial based on that evidentiary error, but it's not a judgment of acquittal. Yes, you, you would not be able to order the acquittal here if, by setting aside some of the evidence. But you can find that the, the conviction should be reversed. And then it would be, I suppose, up to the government whether to attempt to. Can I ask you the same, the same question I asked your friend on the other side. Are you challenging the sufficiency of the evidence on count three? On count three, we are not, well, we are challenging the sufficiency of the evidence as to intent for all counts. That is the kind, so we, we argue that there is no evidence that Mr. Kalugin agreed and intended to defraud the United States, never agreed and intended to do any kind of conspiracy or make any kind of lie in this application process, because all of the evidence of agreement is coming from this hearsay of what Ms. Gallagher reportedly told people, which were things that Mr. Kalugin didn't even know about. And in fact, I mean, which might have been a great objection, which is why we do need to, to argue that it is plain error. And we are arguing that it is plain error to find that the husband agreed with the wife based on statements she was making to people to explain, frankly, her extramarital affairs that he didn't know about. I mean, it's clearly not evidence of his agreement with her. If it's things he didn't, he didn't know about. Say clearly. I mean, you know, again, that's potentially a strong argument that, you know, you could, you know, there's another side of that, that given what he said about his address, given what he did, what he said about his intent to live or to go with her and to return and the evidence that was introduced, that, you know, again, that's not, that's not your client explicitly agreeing in that sense, but it's consistent with what, what the, the co-defendant said about the agreement. No, no, I don't believe so, Your Honor, because he's, he is, if he believes he's going to be living with her in the future, then there's just really is no evidence. Her statement to somebody else that they are, they are divorced, that is the piece that is missing, right? So we have to set aside that she tells somebody, oh, we're staying together because of his application. That is what's not evidence of his agreement. So really what's left is the fact he applied for the naturalization with her, working together with her. And that's true. He did work with her on the application and he did put it in together with her. So the only way that you could find evidence of an agreement to lie is if the application contains a lie. And what we're saying is the application itself doesn't contain a lie because the address field is immaterial as a matter of law. And there's no other evidence of him lying. Immaterial as a matter of law? Can you, I mean, I'm just going to confess, like I'm just going to, cards on the table. I'm very skeptical of the argument. Would you like to try to persuade me why lying about where he lives is not material? Positing for this, I'll posit it further. I do not think there is a plausible argument he didn't lie about where he lives, that the evidence is not sufficient to support a finding that he lied. So would you like to try to convince me why that's not material? Yes, I would. So I think maybe the word lie, maybe we see it a little, I mean, I think that it's not just because there's some inaccurate technical information in the application. I'll reclarify that when he said he lived in Arlington, Virginia, I think it is not plausible that the evidence isn't sufficient, that that statement was false, and that he said it knowing that it was false. He testified that... Juries don't have to believe defendants when they say self-serving things. That's right. That's fine. He was told also, and he had actually had an application delayed by moving his address from California to Virginia. And then he understood his wife is handling the application for him. You know, she's the English speaker. She's the American. She's kind of doing more of the sending of the email. Is this about falsity or materiality? False, even, even, no, it is about materiality, essentially about lying, right? Because the question is... But materiality is, no, wait, but his state of mind doesn't matter for materiality. Materiality is about the nature of the statement. And under the Supreme Court's decision, whose name has flown out of my head at this moment, we have to ask whether this is the sort of thing that reasonably might have prompted additional investigation. How is this not the sort of thing that might have prompted reasonable investigation had the true facts been revealed? So this is to materiality. Would it prompt any investigation? Because him being in California is simply not disqualifying. And if they followed up... Not being in California, living in California. Him living in California is not disqualifying. Him living apart from his wife is not disqualifying. That's, that may be true, but that's not the test. The test is, would it lead the government official to pursue it further? And it's, I mean, if it was discovered that that was false, what's your basis? And, you know, there's evidence that the official said it would have caused him to pursue it further. So don't you, don't you have to say there's, you know, that that evidence is like, I guess, insufficient? Your Honor, the test is, I just, I think you, you got it mostly, mostly right. The test is whether they would pursue it further and predictably discover disqualifying information. So if he, if the truth that he did not disclose is that he is living in California, then, and if he had disclosed that, that fact would not have been disqualifying. So the further investigation would, would lead... But what if the truth is, and I think the evidence in this case is sufficient to support this, that regardless of the fact that they were technically married and that as a result, maybe count the thing, choose not a lie, that if the truth is, and again, the question is whether the evidence is sufficient and it strikes me that it's sufficient. The truth is he did not, in fact, attend, intend to live with her when she was abroad. And he did not, in fact, intend to live together with her after she returned from the United States, because by the point he says it, their marriage is irretrievably broken. And I mean, that's the ultimate question, right? The ultimate question about his eligibility is, do you intend to go abroad with her? And do you intend to live with her when she comes back? And if the evidence is sufficient to support a finding that when he said, I live in Arlington, he did not intend to go abroad with her and he did not intend to live with her, why does not revealing the truth about that not predictably lead to, like, why are you in California? What is the reason that you're not living with your spouse right now? What is the true state of affairs? And oh, wow, that, you see how the chain of investigation would go. I think that the problem is, all of this is getting really at the statement that has been struck from the case. This is really... No, no, no, no. That's that they got to get out of jail. I mean, I'm going to ask you, like, that's because they get a get out of jail free card because the government had a fatally ambiguous form. But that doesn't mean that it was true that their marriage was healthy or that their marriage was in a good spot or going to continue. He first, for one thing, if he had responded, I'm here in California getting, excuse me, getting this job at the security company, which will allow me to, you know, live with my wife abroad when she's posted. I think that would have been the end of the inquiry right there. The issue is that just having that address wouldn't have been a problem unless you assume that the issue really is the marital status. And we're getting at that in a roundabout way. I mean, that's what the government is trying to do here. They're trying to say, yes, OK, the marital status issue is out of the case. To follow up on the hypo, you say I live in Sacramento and the official says, why do you live in Sacramento? And he goes, well, I'm just working out there for right now. I mean, is it not plausible? He says, well, you know, do you plan to leave Sacramento and go to her post? And do you, because if you're separate now, that's a requirement. Do you, you know, will that be a problem for you? And if he said yes, that would be false. Your Honor, he would, I think we're concluding, I think we're here assuming that if he said yes, it would be false, but he would have certainly, and from all the evidence we've seen, he would have truthfully said that he intended to live with her abroad. And, and really the test is not I'm just, I'm working out here. It's I'm working out here. How do we know he truthfully, I mean, what confuses me is what I actually rather suspect based on the evidence is if they asked him that follow up question, he would have said no to continue with the lie that was the lie that was, again, assuming the sufficiency, but isn't the evidence, like, isn't the fact that he didn't live with her abroad, at least some evidence that he would not have in fact lived with her abroad? I don't believe so, because the, he has to have a good faith intent to join her abroad after he takes care of all his business. The other issue is, I guess just to kind of step up a level in the analysis, you're asking, we have to ask, would this, would him disclosing that he was in California predictably have led to all of what you're asking? And on that question, that actually would be the government's burden to prove what it would have led to. So what we know is he had, which are the answers he's given in the case, he had ready and very plausible. And in fact, we argue true answers to all of these questions that would have been totally consistent with eligibility for naturalization and would not have led to disqualification. I'm sorry. I see my time coming up. I missed the red light, Your Honor. I'm sorry. But you heard the question. So you see, there's a concern here that you might want to sharpen your thoughts a little bit when you come back. Ms. Tai? Good morning, Your Honors. And may it please the court, Rises Tai on behalf of the United States. I'd like to pick up to where I believe that the panel and my colleague to my right was veering towards, and that is, you know, whether or not the- I'm sorry. I'm just going to be distracted until I ask this question. Is there been anything done to fix this form? This whole case strikes me as, it's very serious to the defendants. This is entirely because of a stupid, confusingly, badly written government form that could have been eliminated entirely if the form didn't have this problem that Judge Ellis didn't identify. Are we doing anything to fix this form? Because I have the frustrating feeling that this entire case shouldn't be happening, and it's only happening because of a confusing government form. I don't have information from USCIS or the DHS officials who promulgate the forms, whether or not it is fixed, or whether or not they've changed it to answer your question. And can I ask you, the other, like, it strikes- I don't think this was ever presented and the government didn't cross appeal. It strikes me to the extent there's an argument that they did something wrong on the form. It's not that they checked the box married, because I think the undisputed record evidence is that they were, in fact, married. It's that they should have checked the separated box, too. But I don't believe the government ever pursued the argument that the false statement was not checking the separated box. It was that you checked the married box, right? I believe the evidence presented at trial was that the married box was incorrect. And the theory was that the defendants were separated at the time that we alleged that- But I've looked at, but I've looked at this form, right? It doesn't say check only one or check the one that best applies, right? There's no- I've looked at this form, and there's nothing on the form that says, you may only check one box, you must check the box that's the best description of the thing that applies to you. It just lists these four options, assumes they're completely disjunctive from each other, and says, check some boxes. I could have a moment. You're on. Yeah. I get it. I was a former government lawyer. I sometimes had to defend cases with records that had problems. It does say, what is your current marital status? And they were legally married, right? As I mean, this is Judge Ellis's point. They were in fact legally married, right? Well, separate and apart from that issue, though, we think that the theory here, the reason why the questions 31 and 32 that deal with misleading government officials as to the marital status is much broader than the specific marital question on form 510. No, I know. The reason I wanted to ask all that is because it tees me up to what I think is the next problem in this case, which is whether this is a Yates problem. Like, what is the nature? So we have to take as a given that to the extent the jury was told they could convict them on count two for falsely checking the Mary box, that was not cool. I mean, I'm trying to deliberately not use the word facts or law. It was not cool that the jury could convict them on those grounds. And, you know, I've read the district judge's explanation and he just candidly asserts this is one category, not the other category. He doesn't really explain why it's one category, not the other category. And I will also say, having spent a lot of time thinking about this, I think this fact law distinction is really, really conceptually hard, but let me try what I'm currently thinking and give you an opportunity to respond. The reason I'm currently inclined to say that this is a law problem, not a fact problem, is to imagine what evidence could the government have presented that would have fixed this problem. And what I'm coming up with is nothing. There is no evidence the government could have, there is no amount, no quantum of proof, I mean, for example, under Judge Ellis's theory, the defendants could have taken the stand and said, you're darned right. I knew that was misleading. I was fully aware it was misleading. I did it on purpose. I tried to manipulate them, but I did it because it's literally true. We're literally married. And so it's not a lie. And I did it on purpose. I did it with the intent to deceive and to mislead. And for the purpose of gaming immigration benefits, I admit it, you got me. But my defense is that's literally true. And by the way, I even knew that USCIS might be misled, but that's not my problem. It's not my problem to make things clear for government investigators. And so when I think about it that way, there's no amount of evidence the government could possibly have presented to cure this problem. That starts to sound like the problem in Yates, where no amount of evidence can change the fact that the Communist Party of the United States was founded in 1940, whatever. And like, the defense is a communist. He's trying to destroy the United States. He knows he's trying to destroy the United States. And the defendant could say guilty of all of that. But so why doesn't the fact that there's no quantum of evidence the government could have ever presented to fix this problem suggest this is a legal insufficiency problem, not a factual insufficiency problem? I think the hypothetical that you present is a sufficiency question, because one of the elements of a false statement, for example, is for the government to prove the falsity of that statement. So in viewing the case that way, then we are in squarely within the equivalent. Because what the court says in Yates is there's no quantum of evidence that can change when the Communist Party of the United States was founded. And with respect to Yates, though, the reason why it was important to determine when the Communist Party was founded was because the indictment was issued or they presented the indictment three years post of the statute of limitations. So in the Yates reasoning, that was a legal error because the jury couldn't have known that the theory presented to them was time barred. Here's another way to, I guess, maybe another way to conceptualize the same. I mean, I do think in many ways for me, this entire case literally turns on the answer to this question. But here's another way to think about why I think one of the ways we think about factual versus legal insufficiency is whose job is it to decide something, right? Whose job is it to determine something? And it strikes me that the fundamental question that Judge Ellis was deciding in the Rule 29 motion is, is a person who is still legally married, but whose marriage is irretrievably broken and is separated for purposes of this form, is that person married? What is, like, to me, in some ways, it strikes me that the fundamental question is, what is the proper interpretation of this form? And that sounds a lot to me like a legal question. That doesn't sound like a factual question. That sounds about like, what are the legal consequences of having a marriage certificate that's not been resolved, but you're separated and your marriage is broken down? Are you legally still married for purposes of that form? I mean, it just, that doesn't strike me as the kind of thing we ask juries to do, which is maybe why Judge Ellis granted the Rule 29 motion. Well, Judge Ellis did not grant the Rule 29 motion, and it actually goes to the panel's... Not a Rule 29, sorry, but concluded that they couldn't be convicted on that theory. Well, and to just a finer point, under that theory, but otherwise denied their motion and found that there was sufficient evidence as to count to... But then, but that's because he sort of very, in my mind, casually, quickly, and vassally, to me, concluded that this was obviously on one side of the Yates line rather than the other. Well, and I think to your point, Your Honor, I don't believe it is one of ambiguity for the jury to solve. I think the instruction to the jury was, you know, they must find unanimously whether or not there was a false statement. One of the false statements alleged under count two, which is why this is squarely under Griffin. And I believe this court in, I think, United States v. Moy, dealt with that same issue, grappling with both Griffin and Yates. And to, and they point, the Moy court pointed to Griffin and says, indeed, if the evidence is insufficient to support an alternative legal theory of liability, it would have generally been preferable for the court to give an instruction removing that theory from the jury's consideration. The refusal to do so, however, does not provide an independent basis for reversing an otherwise valid conviction. And I think this is squarely within the realm of Moy that this court decided. And the reason why this is not a Yates error is because they cannot point to an invalid instruction that the court submitted to the jury. It is one, it's a question. Well, the invalid instruction is telling the jury that you can convict on the theory that the marital box was a lie. But that's an invalid instruction because, in fact, you can't convict on that ground. Only if they determine the falsity, whether one of those statements was a false statement. But I think under the Griffin standard then, as long as the government, as long as there is one valid basis, that's the only question that the court must consider. Can I ask you a different, a totally different question? Yes. About the Facebook messages? Yes. I guess I'm just going to say, maybe these are properly not admissible. Maybe the district court doesn't abuse its discretion, but the argument that these are inadmissible hearsay, particularly as regard to the male defendant, strikes me as obviously wrong. How is, so first question, with regard to him, how are they not admissible for the non-truth purposes of showing his currently existing mental state? And as arguably to her, why aren't they obviously 8033? I just, I mean, I will say I genuinely do not fathom the argument that the statements about the, now, and you might have an argument that some of the statements in some of these messages are excludable, but I didn't see the government to try to make that argument. You said these are all inadmissible on the grounds that when he says, I love you, that statement is inadmissible hearsay, that candidly strikes me as bananas. Would you like to try to convince me why that is an out of court statement offered to prove the truth of the matter asserted and not to show his mental state, which maybe goes to his intent, yada, yada, yada. I don't see how we can possibly affirm on that ground. Well, if, if I understand correctly, so the issue is whether or not the, the, I love you statement, or statements of affection, I don't know how those are possibly inadmissible hearsay. Why they're not inadmissible hearsay. The district court said those are excluded by operation of the hearsay rule. And I don't see how that can possibly be true. Not everything in writing is hearsay. Not everything that someone says is hearsay. Hearsay is an out of court statement offered to prove the truth of the matter asserted in the statement. And even then hearsay is admitted if it falls within an exception, including 8033 for the declarants then existing state of mind. Well, and I think what we got, we argued in our briefing, the reason why it's not the then existing state of mind is because the defendants would have to show the statements that they are trying to admit as well as the no suspicious circumstances and the relevancy to the, to the time period. Well, that's what I'm talking about, probative value. I mean, that, that may be, I mean, I get the timing argument. It was before the statement you're talking about, but I mean, yeah. And I get the, you know, maybe it's not prejudicial because you got to talk about it and not do the statements. And I get the issue, maybe it's harmless, but just on the base, basis application of the rule 803, yeah, it's hard to, it's hard to see how that, you know, isn't a proper exception. Well, it's certainly not a proper exception because they are attempting to show or admit out of court statements from a time period that really doesn't matter for the purposes of the, the false statements challenged in this case. But again, that's about probative value. That's not about hearsay. That's a, that's a rule 401 problem, arguably. That's a, that's a doesn't have, but that's not, that's not a rule 800 problem. Oh, well, I, and I think the court said in this case too, the reason why it was not hearsay is because of course they are planning to, or they're admitting it to show the truth of the matter, which is that they loved each other during that, during that time period. They're not admitting it to show that they're, they're showing it to reflect their contemporary state of mind, which they argue. Again, how probative this is, different question. They're arguing it to show that when they said they had, that they were in fact still married, that he was in fact intending to go to Mexico with her, that he wasn't some, I think I forgot where he was going, that he was in fact going to go abroad with her, that when they said those things, they believed those things as demonstrated by their loving ongoing relationship, which is, they would say, inconsistent with the government's argument that these people had a sham marriage that was cooked up solely for the purpose of getting him immigration benefits. Well, I think it's also important to, to, to just in, in terms of the timeframe of their immigration benefits, the time period of May 2016 was still prior to his green card application. And I think that's the sort of the overarching theme here is because yes, they're focused on the 319B naturalization application, but there were other questions going to, you know, whether or not they misled the government as to the marital status. And because, uh, uh, uh, defendant Kalugin, defendant Gallagher had not yet, you know, initiated or the, the green card, um, interview, that becomes problematic because that is, that interview then is, um, uh, is where they began misleading the government and saying that they were, uh, together, living together as husband and wife when at that time they were not. I think the prejudice argument, cause I'm still on the Facebook messages. So the government's argument is in part that it's not harmful because the defendants took the stand and said basically the same things that I think we have a case. It's, I don't know if I was pronouncing it correctly, but it also just seems to me like it reflects a common sense tourism, like sometimes that might be true. And I think they have a different evidentiary argument for where this is true. We're like, yeah, the document didn't come in, but one of the government's own witnesses said the very thing the document was going to say. But it strikes me that where the only in-court testimony is from the defendants, I actually think that in some ways that makes it worse, not better because the jury might say, of course they're saying this now. Of course they're insisting now that they were in love the whole time. I mean, right. The problem from the government's perspective is that the only, since if the government believes that it only charges guilty people, that means the only defendants who take the stand are going to lie, right? And the government's response is going to be they're lying. And of course they're lying because they don't want to go to jail. And so I think the argument that they testify to these things and that makes it OK ignores the fact that if they testify to those things with no contemporaneous evidence of those things, the jury might quite reasonably go, I'm not going to believe something that someone who's facing years in jail is going to say, well, they're desperately, I mean, like if there was, I mean, I could almost imagine a jury saying if they were really in love at the time, where are the mushy text messages that show they were in love at the time? And so that excluding those is actually harmful for that reason. What is your response to that? I actually don't think that their testimony alone is where the jury would go or where the court can go to see, you know, the the corroboration of their defense. I mean, they put on other individuals on both sides and during various points within their claimed relationship about those those witnesses perceived view of how loving they were with each other. So, for example, in Defendant Gallagher's case, she presented her aunt to Giordano and defendant as well as a childhood friend from home who knew about their relationship when from its inception, when they were at UC Davis. And then from Defendant Kalugin's end, he also brought forward two witnesses, Valentin Krukanov, as well as another witness who was an attorney and his name is escaping me, but those those four individuals essentially attempted to corroborate their version of events, which was that they were in a loving marriage the entire time. So, therefore, I don't believe that the court can just rely on the defendants being, you know, precluded in terms of like the harmlessness because the jury only had the testimony of the defendants to rely on. The jury had other witnesses to consider and weigh their credibility. And I'm saying I'm winding down on time, your honors, but if the court has any other questions. And we ask that you affirm. Thank you. Thank you. I want to pick up on the Facebook messages because we adopted the arguments that were made by Mr. Kalugin, but I also want to point out that Ms. Gallagher also sought to introduce additional Facebook messages separate and apart from the ones addressed in Mr. Kalugin's brief, and those were from a time period later in time between October 26th of 17 and November 23rd of 17, which were, again, very, very, getting  Kalugin was supposed to be in court. When Mr. Kalugin made the statement about his intent to live with Ms. Gallagher. And so I think they are very important evidence of their then existing state of mind, not offered for the truth. So they're not hearsay. And like you said, they, even if they were arguably hearsay should have come in for state of mind. Then I want to go back to the Yates and Griffin issue for a moment, because I think you had a very, very perceptive question about who, who decides this and who decides that directly. So Griffin states that when there's an alternative theory that's legally valid, but lacking factual support, courts have discretion about whether to give a jury instruction about that and whether the jury can consider it. But on the other hand, when it's legally invalid, courts don't have that discretion. They may not instruct the jury. The juries can't speculate about that. And you can see how that's applied in a couple factually analogous cases from this circuit that the court, that the government hasn't addressed in their brief. Those are ERP and good. And in both of those cases in ERP, there was a false statement made to a grand jury where the defendant was asked whether he'd ever burned a cross at the home of a couple. And he said, no, which was literally true. However, he had stood by while others were trying to light the cross that was unsuccessfully lit. But the court ruled that, that that answer was literally true and the jury shouldn't have been allowed to speculate about it. It was a legally invalid basis to convict him for a false statement for something that was literally true, which is what we have here. The interesting thing about that, I mean, I see the similarities, but they, you don't have the alternative basis for convictions, as I recall, in those cases. So you still got to go back to this issue of, is it a legal problem or evidentiary problem? I think, I mean, I think that's the fundamental issue. I mean, to me, ERP and good, you know, they get a little bit to the, you know, whether it was right to say, you don't, you know, check and marry was wrong. Yeah. What we have, the harder question is that line between Yates and Griffin. And I don't know that they really help us a whole lot in that. Yeah. And I think it goes back to what Judge Hayden was saying about, there is no evidence that the government could have adduced in, in any sort of multiverse scenario to, to prove that, that what was the conduct here constituted a crime. So it's not that they just fail to prove their case. It's that it is literally impossible for them to prove their case. And I think that's, that's where the Yates and Griffin line falls. I believe I'm out of time. Thank you. Runners, I'll just address quickly a few points. One, first, Judge Quattlebaum, you had talked about the testimony of Officer Wood. And I just wanted to clarify a little bit about what he said. He actually said it would not have mattered to him if the residential address field were false. What he said would have mattered to him would have been the marital status being, having been selected as stat, separated instead. What happened then was the judge followed up with him and said, what if you knew it was answered false? And then he said, well, if, what if, I mean, excuse me, what if Mr. Kalugin knew it was false and it was, then he said, well, if he knows it's false, then it would matter to me because it would go to his moral character. Is that the actual question? Because under Maslin-Jack, it feels like this is like a fourth amendment question. Do I actually care what this officer does? Or I've seen this in cases like where police officers testify, I was doing X and like, actually it turns out for the fourth amendment, I don't care what you were actually doing. I care about what a reasonable person in your position would have done. So isn't that the same analysis here? Like, do we actually care what this immigration officer says he would or wouldn't have done? Isn't, isn't the reified question what a reasonable person in that position would have done? Yeah, that's right. I mean, when he says I would have cared about his moral character, he was actually wrong about that. Well, this could cut for you or this could cut against you. I don't know, right? No, it cuts for me, it cuts for me because he's wrong about the moral character being implicated by an immaterial point. I just wanted to clarify what he actually, that he was actually speaking to the marital status question when he said that that would have triggered a different decision. And then to the Facebook point that we discussed, in addition to being on hearsay, I'd just like to point out two things. First of all, that May 2016 time period was very relevant from the government's perspective. I mean, they put on plenty of evidence from May 2016 about what was going on around then. And secondly, very important is the cumulative effect, right? So it's not just the exclusion of the Facebook messages. It's the exclusion of the Facebook messages after we, after the jury sees Ms. Gallagher's hearsay and it's admitted against Mr. Colugan as evidence of his intent. And then finally, I just, I guess I just want to leave, I think I was thinking a little bit more about your questions, Judge Hayden, than I think you were getting at. Maybe it could be a lying, but then it would be immaterial. So count two would fall, but count one would stand. As I, is that where you were going with? No, I mean, again, I'll just fully like, so if you assume this is a legal problem, not a factual problem, then the question that doesn't necessarily mean you win. We then have to conclude whether the jury would have necessarily still convicted on the valid ground. And I'm trying to figure out if I think a jury could reasonably have convicted based on the marital status lie without also, while still concluding the defendants weren't guilty on the residency lie. Does that make sense? That because even under Yates, we have to find like, if I think there's still an inquiry, it probably flips the burden of proof to say, but like, could the jury have necessarily credited the government's legitimate test? So I'm just trying to figure out whether a reasonable jury could have concluded that when they said they were married, that was a lie and it was material, but not also concluded that when they said he lived in Arlington. You know what I'm saying? I'm trying to hypothesize a jury that might've done both of those things. And I think the hypothesis would be, they would conclude that Arlington is a lie, but maybe Arlington is not material, but good news, we don't have to decide that because they conclude that married is a lie contrary to what judge Ellis said. And I mean, if they lied about their marital status, that was obviously material, it seems. I don't, I don't see it. I mean, right. So that's the question. Like, so I'm trying to understand a way by which a reasonable jury could have concluded that the lie about residency wasn't material. That was about, about where he lives. So the, may I ask, may I answer your question? I believe the last word today. I believe if the, maybe I'm mixing up a between a little bit between what you're asking, but I believe that the lie that we're thinking about is the address and we're considering it to be immaterial, but yet still a lie. In that case, I think that the rule coming out of this case would be all married couples who apply for naturalization together and have any material, any immaterial false information in their application would be guilty of conspiracy, even though they're not guilty of defrauding the United States for purpose of naturalization. Thank you very much. Thank you, counsel. We will come down. We will first adjourn court and then come down to greet counsel. And thank you for your arguments. This honorable court stands adjourned. Sign and die. God save the United States in this honorable court.
judges: James Andrew Wynn, A. Marvin Quattlebaum Jr., Toby J. Heytens